■ Ludwig G. Kuhn, Respondent, v. Niagara Frontier Transit System, Inc., Appellant.— Judgment and order unanimously reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: Plaintiff claims that defendant was negligent in starting its bus while plaintiff was in the act of alighting. The only evidence as to how the accident happened is that plaintiff had one foot "on the pavement, and with other foot * * *" was just getting off" when the bus struck him. The Trial Justice in his charge commented upon the obligation of the defendant Transit Company to provide passengers a reasonably safe place to alight. He followed this with a reading of section 42 of chapter 60 of the Ordinances of the City of Buffalo which requires the stopping of a bus "not more than six inches from [the] curb". He then stated that if the jury found that defendant violated this ordinance and the violation was the proximate cause of the accident then it could find defendant guilty of negligence. It was error to have permitted the jury to speculate as to the applicability of the ordinance for from the proof in this record the place of stopping could not be the proximate cause of the accident.

In response to the plaintiff's request the court further charged that the defendant's duty as a common carrier was "to be sure that the person is given a safe ride". This could well have given the jury the impression that the bus company was an insurer of the safety of its passengers and its effect was to hold the defendant to a higher degree of care than is legally required. These errors in the court's charge make a new trial necessary. (Appeal from judgment and order of Erie Trial Term for plaintiff in an auto-bus-line negligence action. The order denied a motion for a new trial.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.